IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERIBERTO GARCÍA-PARRA, | |
| Petitioner, | |
| v. | CIVIL NO.: 13-1144 (FAB) |
| DEPARTAMENTO DE JUSTICA, | |
| Respondent. | |

**REPORT AND RECOMMENDATION**

On February 19, 2013 Heriberto García-Parra ("petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, naming the Puerto Rico Administracíon de Correccíon ("PR-AOC"), the Puerto Rico Departamento de Justicia ("PR-DOJ"), Roberto Del-Valle-Navarro ("Valle"), and Alexander Rodríguez-Madera ("Rodríguez") as respondents. ECF No. 2. The court granted petitioner's motion for leave to proceed in forma pauperis, and summons were returned executed upon the PR-AOC and PR-DOJ on February 28, 2013 and upon Roberto Del-Valle-Navarro, and Alexander Rodríguez-Madera on March 1, 2013. ECF Nos. 1; 3; 6; 7. The PR-DOJ made an appearance on March 14, 2013. ECF No. 8. On March 25, 2013 the Clerk of the Court appointed counsel for petitioner. ECF No. 13. On May 19, 2014, the court entered an order stating:

> No appearance in this case has been made by Administracíon de Correccíon, Roberto Del Valle Navarro, and Alexander Rodríguez. See ECF Nos. 6, 7. On or before May 28, 2014 Heriberto García Parra shall show cause as to why all claims against the parties previously mentioned should not be dismissed with prejudice for lack of diligent prosecution. In view that petitioner is represented by counsel, he shall file his motions through counsel rather than *pro se*.

ECF No. 32. On May 30, 2014, petitioner requested an extension of time until June 23, 2014 to respond, which the court granted. ECF Nos. 36; 39. On June 18, 2014 petitioner requested an additional extension of time until July 31, 2014 to respond to the court's order, which the court granted in part and denied in part, extending the deadline until July 14, 2014. ECF Nos. 40; 43. On July 14, 2014, petitioner again requested to extend the deadline to file a response until July 31, 2014, and the court granted his request. ECF No. 44; 45. As of the date of this report and recommendation, no response to the court's May 19, 2014 order to show cause has been filed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Fed.R.Civ.P. 41(b). Lack of diligent prosecution is such a reason." Cintrón–Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525–26 (2002) (citing Link v. Wabash R .R. Co., 370 U.S. 626, 629–31 (1962)). "In general, the sanction of dismissal for lack of prosecution is appropriate only when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable." Bachier–Ortíz v. Colón–Mendoza, 331 F.3d 193, 195 (1st Cir.2003) (citation omitted). "[D]isobedience of court orders" and "ignorance of warnings" can merit dismissal of the case for lack of diligent prosecution. See e.g., Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 108 (1st Cir. 1995).

After PR-AOC, Valle, and Rodríguez were served with summons, over a year transpired in which petitioner took no action to advance this litigation as to his claims against them. Petitioner was afforded a period of over two months to respond to the court's order to show cause as to why these claims should not be dismissed with prejudice. Despite repeatedly asking to extend the deadline and the substantial leniency given by the court, petitioner did not file a response to the order to show cause within the repeatedly-extended deadline, and has not subsequently filed an untimely response. As petitioner has failed to prosecute his claims against PR-AOC, Valle, and Rodríguez and has not complied with the court's order to show cause,

which has been pending for over 8 months, all claims against PR-AOC, Valle, and Rodríguez should be dismissed with prejudice.

**IT IS SO RECOMMENDED.**

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file the objections within the specified time waives the right to appeal the same. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 5th day of February, 2015.

<u>s/Marcos E. López</u>
U.S. Magistrate Judge