IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERIBERTO GARCÍA-PARRA, <br><br> Petitioner, <br><br> v. <br><br> DEPARTAMENTO DE JUSTICA, <br><br> Respondent. | CIVIL NO.: 13-1144 (FAB) |

**REPORT AND RECOMMENDATION**

**I.    PROCEDURAL BACKGROUND**

On February 19, 2013 Heriberto García-Parra ("petitioner" or "García-Parra")) filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, naming the Puerto Rico Administracíon de Corrección ("PR-AOC"), the Puerto Rico Departamento de Justicia ("PR-DOJ"), Roberto Del-Valle-Navarro ("Valle"), and Alexander Rodríguez-Madera ("Rodríguez") as respondents. ECF No. 2. On March 25, 2013 the Clerk of the Court appointed counsel for petitioner. ECF No. 13. On May 30, 2014 PR-DOJ filed a motion to dismiss the petition for failure to state a claim. ECF No. 37. On May 30, 2014, petitioner requested an extension of time until June 23, 2014 to respond to the motion to dismiss, which the court granted. ECF Nos. 36; 39. On June 18, 2014 petitioner requested an additional extension of time until July 31, 2014 to respond, which the court granted in part and denied in part, extending the deadline until July 14, 2014. ECF Nos. 40; 43. On July 14, 2014, petitioner again requested to extend the deadline to file a response until July 31, 2014, and the court granted his request. ECF No. 44; 45. As of the date of this report and recommendation, petitioner has not filed a response to PR-DOJ's motion to dismiss. Based on the foregoing, it is recommended that the motion to dismiss be granted.

**II.    DISCUSSION**

In its motion to dismiss, PR-DOJ argues that García-Parra's § 2254 is time-barred and fails to state a claim for which relief can be granted. ECF No. 37. There is a one year statute of limitations applicable to § 2254 petitions challenging state court convictions and sentences, which begins to run from the date on which the judgment becomes final. See 28 U.S.C. § 2244(d)(1). "A conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him." Cruz Rodríguez v. Caro-Delgado, Civ. No. 07-1769 (CVR), 2010 WL 2690522, at *1 (D.P.R. July 2, 2010). In general, the one year period begins to run upon the conclusion of all direct appeals in the state court system, followed by either the completion or denial of certiorari proceedings in the United States Supreme Court, or the expiration of the time allotted for filing a petition for certiorari review by the United States Supreme Court. Id.; see also Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004). This one-year statute of limitations is tolled while a properly-filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

PR-DOJ asserts that "[t]he instant case is time barred since the last decision . . . regarding petitioner's allegations, is dated February 4, 2010, which is the date of the Judgment of the United States Court of Appeals for the First Circuit, petitioner's appeal from case number 08-1244 (ADC)." ECF No. 37, at 11-12. A review of the docket in Case No. 08-1244 (ADC) reveals that in said case on February 27, 2008 petitioner filed a § 2244 petition.[1] ECF No. 2, at 11, 12-13

---

[1] It appears that the allegations contained in García-Parra's § 2254 petition filed in 08-1244 (ADC) are similar to the allegations in the instant case, but contain some additional factual context. In this case, petitioner has made an allegation regarding DNA evidence, which states: "[F]or the Report 'DNA' or (codis [*sic*] combined DNA index system, 'DNA' Identification) etc., and that unconstitutional." ECF No. 2, at 8. In 08-1244 (ADC), his first ground for relief also related to DNA evidence, stating: "The man that did this has green eyes and black hair and I have white hair and dark brown eyes and I have a (DNA) test to show the lawer [*sic*] the evidence." ECF No. 2, at 11, 12-13 Similarly, his second ground for relief in this case relates to his right to appeal: "[F]or without assistant [*sic*] or legal expertice [*sic*], so I can proof [*sic*] and defend my innocents [*sic*], for these reasons." ECF No. 2, at 6. In 08-

2

in Case No. 08-1244 (ADC). The court dismissed the petition without prejudice on May 13, 2008 for failing to comply with the court's order to correct procedural deficiencies in his filing. ECF Nos. 3; 5; 7 in Case No. 08-1244 (ADC). The judgment that the First Circuit Court of Appeals entered on February 4, 2010 states: "Because no timely notice of appeal was filed within thirty days of any order, this appeal is dismissed for lack of appellate jurisdiction." ECF No. 19, at 1 in Case No. 08-1244 (ADC).

Additionally, PR-DOJ has cited to an opinion of the Puerto Rico Court of Appeals entered on February 22, 2008, which affirmed the denial of a habeas corpus petition that petitioner had filed. See ECF No. 41-1. In said petition before the Puerto Rico Court of Appeals, petitioner had alleged "that during the trial in which he was declared guilty for several crimes including kidnapping, exonerating evidence consisting of DNA evidence was not considered." Id. at 1. The Puerto Rico Court of Appeals noted that petitioner had filed petitions to overturn his convictions "on at least six occasions" and that in deciding the previous petition the panel had "cited a recent opinion of the Supreme Court of Puerto Rico regarding the abuse of collateral attacks on judgments." Id. at 2.

PR-DOJ's motion and its exhibit, however, are silent as to whether and when petitioner filed direct appeals of his convictions in the local court system. Neither the dismissal without prejudice of the prior § 2254 habeas petition by the United States District Court for the District of Puerto Rico in Case No. 08-1244 (ADC), the dismissal for lack of appellate jurisdiction by the First Circuit Court of Appeals, nor the opinion of the Puerto Rico Court of Appeals conclusively establish the date upon which petitioner's convictions became final. According to the § 2254 petition in the case of caption, the convictions which petitioner seeks to collaterally attack

---

1244 (ADC) he averred: "The administracion of correccion voided my right cause [*sic*] the court did not give me a lawer [*sic*] of the process appeal cause I have no money to pay the lawer [*sic*]." in Case No. 08-1244 (ADC). "

3

occurred in 1999 in Ponce, Puerto Rico and in 2002 in Carolina, Puerto Rico. ECF No. 2, at 4. Notwithstanding the evidence of his prior habeas petitions in both federal and local court, it is nevertheless theoretically possible that petitioner completed all direct appeals of his convictions in the Puerto Rico court system and that the completion or denial of certiorari proceedings or the expiration of the time allotted for filing a petition for certiorari review by the United States Supreme Court took place within a year of his filing the § 2254 petition in the above-captioned case. In his petition, he alleges that he appealed to the "Supreme Court" and that the date of the result of that appeal was August 15, 2012. Using that date, his February 19, 2013 § 2254 petition in the instant case would have been timely filed. It is unnecessary, however, to speculate about the gaps in the procedural history and conclusively decide whether the § 2254 is time-barred, as the petition fails to state a valid claim for relief.

When considering a motion to dismiss under Rule 12(b)(6), the inquiry should be "whether a liberal reading of [the pleading] can reasonably admit of a claim . . . ." Litton Indus., Inc. v. Colón, 587 F.2d 70, 72 (1st Cir. 1978). An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3. Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3. The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), plaintiff must allege "a plausible

4

entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

      To be eligible for habeas relief on his federal claims, a petitioner must show that he is in custody in violation of his federal constitutional or statutory rights. See 28 U.S.C. § 2254(b)(1). To avoid summary disposition, petitioner must establish that his application for a writ of habeas corpus asserts a claim that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.") (citing § 2254 Rule 4). That is, the petition must raise claims challenging the legality, duration, or conditions of the petitioner's custody. See Preiser v. Rodríguez, 411 U.S. 475, 484–85 (1973); Bressman v. Farrier, 900 F.2d 1305, 1310 (8th Cir.1990), cert. denied, 498 U.S. 1126 (1991). "It is commonly said that 'mere' errors under state law in the admission [or exclusion] of evidence are not recognizable under federal habeas review. This means that the question is not whether the admission of evidence was state-law error, but whether any error rendered the trial so fundamentally unfair that it violated the Due Process Clause." Nazario-Baez v. Batista, 29 F.Supp.3d 65, 68 (D.P.R. 2014) (citing Kater v. Maloney, 459 F.3d 56, 64 (1st Cir. 2006); Reyes v. Puerto Rico, 977 F.Supp.2d 107, 108-09 (D.P.R. 2013); Collanzo v. Gerry, 2010 WL 428960, at *3 (D.N.H. Jan. 29, 2010)); see also Fortini v. Murphy, 257 F.3d 29, 47 (1st Cir. 2001) ("[N]ot every *ad hoc* mistake in applying state evidence rules, even in a murder case, should be called a violation of due process, otherwise every significant state court error in excluding evidence offered by the defendant would be a basis for undoing the conviction.").

The first ground for relief in García-Parra's § 2254 states: "[F]or the Report 'DNA' or (codis [*sic*] combined DNA index system, 'DNA' Identification) etc., and that unconstitutional." ECF No. 2, at 8. As to petitioner's first ground, there is no additional detail elaborating on his allegation regarding the DNA evidence to elucidate how the same "resulted in an unfair trial or sentencing proceeding." Russo v. Warden, New Hampshire State Prison, Civil No. 11-cv-587-SM, 2012 WL 1203597, *4 (D.N.H. April 9, 2012). The allegation lacks an indication of what the relevance of DNA evidence was to the facts and circumstances of his case, as it is unclear from the § 2254 petition what crimes he was charged with and convicted of, making it speculative that DNA evidence would play an exculpatory role. Overall, the most that can be garnered from a broad reading of his allegation is that a DNA report and a DNA index system exist. While he purports that the same are unconstitutional, he does not provide a basis from which the court can reach the same conclusion; his allegation is conclusory and borderline unintelligible as to what he is claiming. Without additional factual context regarding the DNA test report and index system and / or a clearer statement of his theory that he is being held unlawfully, García-Parra has not alleged a plausible entitlement to relief with respect to the first ground in his petition.

The second ground in García-Parra's § 2254 petition avers that he was denied the right to appeal, stating: "[F]or without assistant [*sic*] or legal expertice [*sic*], so I can proof [*sic*] and defend my innocents [*sic*], for these reasons." ECF No. 2, at 6. For this second ground of "denial of right to appeal," petitioner chose one of the "frequently raised grounds for relief in habeas corpus proceedings" listed in the § 2254 application form that he completed. See ECF No. 2, at 9-11. The § 2254 form explicitly instructs, both in English and in Spanish, that "[i]f you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds

which you choose." ECF No. 2, at 9. He did not do so in the "supporting facts" section of the form, providing only the statement that he lacked legal assistance and expertise for his appeal in support of his second ground. Id. at 11. It is unclear whether he is referring to a direct appeal of his convictions and / or sentence at the state level, an appeal of one or more of his prior habeas petitions at the state level, or an appeal in federal court.

While a reading of his petition leaves to speculation when and where he was denied the right to appeal, a review of the docket in 08-1244 (ADC) reveals that he requested appointment of counsel in that case on November 10, 2008. See ECF No. 12 in Case No. 08-1244 (ADC). As previously mentioned, his § 2254 petition was dismissed without prejudice in 08-1244 (ADC) on June 13, 2008. Thus, he waited almost 5 months after judgment was entered to request appointment of counsel. His request was denied on April 13, 2009, in light of the fact that the case had been dismissed on June 13, 2008 and that the filing was procedurally defective. See ECF No. 15, at 1 in Case No. 08-1244 (ADC). Even if the request were granted, however, petitioner did not file a notice of appeal to the First Circuit Court of Appeals until July 10, 2009, that is, over 30 days after any order was entered in 08-1244 (ADC). Thus, the benefit of counsel on appeal would not have resolved the jurisdictional problem that caused the First Circuit Court of Appeals to dismiss the appeal on February 5, 2010. See ECF No. 19 in Case No. 08-1244 (ADC).

Acknowledging that the § 2254 petition was filed *pro se* and that *pro se* pleadings are subject to a less demanding standard than those drafted by lawyers (see e.g., Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)), even a liberal reading of petitioner's allegations fails to provide a factual context to elucidate a plausible entitlement to relief. Moreover, the court appointed counsel for petitioner nearly 2 years ago. Petitioner has not subsequently requested

leave to amend or supplement the petition since counsel for petitioner has made an appearance, in order to more clearly and thoroughly communicate his grounds for relief. Lastly, an "unexcused failure to respond authorizes the presiding district judge to summarily grant the unopposed motion, at least when the result does not clearly offend equity or conflict[] with the Federal Rules of Civil Procedure." Rivera-Quiñones v. US Sec. Associates, No. CIV. 12-1598 SEC, 2013 WL 5636898, at *4 (D.P.R. Oct. 16, 2013) (citing Rodríguez–Salgado v. Somoza–Colombani, No. 11–2159, 2013 WL 1403263, at *3 (D.P.R. Mar. 1, 2013) (quoting NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002)) (internal quotation marks omitted). In view that the § 2254 petition does not articulate a claim for relief in a non-conclusory manner and that petitioner has had ample time to seek leave with the aid of counsel to file an amended pleading elaborating on the grounds for relief raised in his original petition, it is respectfully recommended that the court grant PR-DOJ's motion to dismiss the petition for failure to state a claim upon which relief can be granted.[2]

---

[2] PR-DOJ raises two additional grounds for dismissal of the § 2254 petition: (1) that the § 2254 petition in the case of caption is barred under the doctrine of *res judicata*, based on the dismissal of petitioner's previous habeas claims in the United States District Court for the District of Puerto Rico in 08-1244 (ADC) and in the Puerto Rico Court of Appeals; and (2) that "[t]he appearing defendant, in her official capacity, is protected by the Eleventh Amendment immunity." ECF No. 37, at 7-10. In light of the recommendation contained within this report to dismiss the petition on other grounds, it is unnecessary to substantively address these alternative arguments for dismissal. However, as to the *res judicata* argument, the court notes that the dismissal in 08-1244 (ADC) was without prejudice, which "does not have the force of a judgment on the merits" for *res judicata* purposes." Camacho-Torres v. Betancourt Vázquez, 722 F.Supp.2d 150, 153 (D.P.R. 2010). Additionally, as to petitioner's decision to first seek collateral review of his convictions in the Puerto Rico court system, prior to filing a § 2254 petition for federal habeas relief a prisoner may seek habeas relief in the state courts. See e.g., Martínez-González v. Rodríguez-Madera, Civ. No. 13-1005 (SEC), 2013 WL 625312, at *2 (D.P.R. Feb. 20, 2013); Romero Hernández v. Matias-De León, 796 F.Supp.2d 290, 293 (D.P.R. 2011). With regard to the qualified immunity discussion, as an agency, PR-DOJ cannot be sued in both an official and individual capacity, rendering the argument that an "official capacity" suit is barred by the Eleventh Amendment moot. Moreover, petitioner does not seek monetary damages via his § 2254 petition, but rather challenges his custody. See e.g., Vázquez-Cruz v. Commonwealth of Puerto Rico, 618 F.Supp.2d 120, 123 (D.P.R. 2009) (noting that the Eleventh Amendment bars claims against states or state agencies for money damages, but does not preclude claims for prospective injunctive relief); see also Conley v. Mass., et al., Civ. No. 09-11108 (NG), 2009 WL 2096207, at *2 (D. Mass. July 7, 2009) ("Generally, a party only may challenge his custody through a habeas petition and may not also seek monetary relief.").

**III.    CONCLUSION**

Based on the foregoing analysis, it is respectfully recommended that the PR-DOJ's motion to dismiss (ECF No. 37) be **GRANTED**. The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file the objections within the specified time waives the right to object to the same. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 5th day of February, 2015.

s/Marcos E. López<br>
U.S. Magistrate Judge