IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERIBERTO GARCIA-PARRA,<br><br>**Plaintiff,**<br><br>v.<br><br>ADMINISTRACION DE CORRECCION, *et al.*,<br><br>**Defendants.** | Civil No. 13-1144 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are: (1) the magistrate judge's Report and Recommendation recommending that the claims against the Puerto Rico Administracion de Correccion, Roberto Del Valle-Navarro and Alexander Rodriguez-Madera be dismissed for lack of diligent prosecution, (Docket No. 46); and (2) the magistrate judge's Report and Recommendation recommending that the Puerto Rico Departamento de Justicia's motion to dismiss, (Docket No. 37), be granted for failure to state a claim, (Docket No. 47). For the reasons set forth below, the Court **ADOPTS** both of the magistrate judge's reports and recommendations and dismisses this case.

Also before the Court are Heriberto Garcia-Parra's requests that the Court: (1) grant him leave to amend his *habeas corpus* petition; and (2) permit his attorney to withdraw as counsel. (Docket No. 52 at p. 5, ¶¶ 1-2.) For the reasons set forth below,

Civil No. 13-1144 (FAB)                                                  2

the Court **DENIES** the petitioner's request for leave to amend and **GRANTS** his attorney's motion to withdraw.

### BACKGROUND

On February 19, 2013, Heriberto Garcia-Parra ("Garcia") filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, naming the Puerto Rico Administracion de Correccion ("PR-AOC"), the Puerto Rico Departamento de Justicia ("PR-DOJ"), Roberto Del Valle-Navarro ("Del Valle") and Alexander Rodriguez-Madera ("Rodriguez") as respondents. (Docket No. 2.) On February 21, 2013, the Court granted Garcia's motion for leave to proceed in *forma pauperis*. (Docket Nos. 1, 3-4.) Summons were returned executed upon the PR-AOC and PR-DOJ on February 28, 2013, and upon Del Valle and Rodriguez on March 1, 2013. (Docket Nos. 6-7.) The PR-DOJ made an appearance on March 14, 2013, (Docket No. 8), and answered the complaint on April 23, 2013, (Docket No. 13).

On March 15, 2013, Garcia requested that the Court provide him with a lawyer to assist with his case. (Docket No. 10.) The Court granted Garcia's request, (Docket No. 11), and on March 25, 2013, the Clerk of the Court appointed him counsel, (Docket No. 12).

On April 23, 2013, the Court referred Garcia's case to Magistrate Judge Marcos E. Lopez. See Docket Nos. 9, 14-15. Because the respondents PR-AOC, Del Valle and Rodriguez had not

Civil No. 13-1144 (FAB)                                                    3

entered an appearance as of May 19, 2014, the magistrate judge ordered Garcia to show cause "as to why all claims against [them] should not be dismissed with prejudice for lack of diligent prosecution." (Docket No. 32.) On May 30, 2014, PR-DOJ moved to dismiss Garcia's petition for, *inter alia*, failure to state a claim. (Docket No. 37.) Thereafter, the magistrate judge granted Garcia several extensions of time to respond to PR-DOJ's motion to dismiss and well as the order to show cause. <u>See</u> Docket Nos. 36, 39-40, 43-45. Garcia responded to neither.

On February 5, 2015, the magistrate judge issued two reports and recommendations. (Docket Nos. 46-47.) The magistrate judge recommended that the Court: (1) dismiss with prejudice all claims against PR-AOC, Del Valle and Rodriguez for lack of diligent prosecution, (Docket No. 46); and (2) grant PR-DOJ's motion to dismiss, (Docket No. 37), for failure to state a claim, (Docket No. 47). Regarding the claims against PR-AOC, Del Valle and Rodriguez, the magistrate judge reasoned that dismissal was warranted because in the year since serving the respondents with summons, Garcia had taken no action to advance the litigation as to his claims against them. (Docket No. 46 at p. 2.) Regarding PR-DOJ's motion to dismiss, the magistrate judge "acknowledg[ed] that the [section] 2254 petition was filed *pro se* and that *pro se* pleadings are subject to a less demanding standard than those drafted by

Civil No. 13-1144 (FAB)                                                  4

lawyers," but nonetheless recommended dismissal because Garcia had failed to "articulate a claim for relief in a non-conclusory manner." (Docket No. 47 at pp. 7-8.) The magistrate judge noted that Garcia had been granted "ample time to seek leave with the aid of counsel to file an amended pleading elaborating on the grounds for relief raised in his original petition." Id. at p. 8.

On March 5, 2015, Garcia, through his attorney, filed a response to the magistrate judge's recommendations. (Docket No. 52.) Garcia raises no objections to the recommendations. Id. at ¶¶ 4, 15. Instead, the response depicts an apparent disagreement between Garcia and his attorney as to whether grounds for *habeas* relief exist. See, e.g., id. at ¶¶ 6, 8 (describing counsel's inability to determine any potential avenues for relief after a thorough review of the record and noting that the petitioner "disagrees with counsel's assessment"). Garcia requests that the Court: (1) "[p]rovide [him] with an adequate opportunity to file a *pro se* brief raising any assignments of error he might believe this Court should address"; and (2) relieve his attorney "from further representing [him]." Id. at p. 5, ¶¶ 1-2.

## DISCUSSION

### *Reports and Recommendations*

A district court may refer a dispositive motion to a magistrate judge for a report and recommendation. 28 U.S.C.

§ 636(b)(1)(B); see also Fed. R. Civ. P. 72(b); Loc. R. 72(b).  A district court may also designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition . . . of applications for [post-trial] relief made by individuals convicted of criminal offenses."  28 U.S.C. § 636(b)(1)(B).  An adversely affected party may contest the report and recommendation by filing objections within fourteen days of being served a copy of the recommended disposition.  See Fed. R. Civ. P. 72(b)(2); Loc. R. 72(d).  A party that timely objects is entitled to a *de novo* determination of those portions of the report or recommendation to which specific objection is made.  28 U.S.C. § 636(b)(1).  The district court is free to "accept, reject, or modify, in whole or in part," the magistrate judge's findings or recommendations.  Id.

A failure to object to a report and recommendation, however, waives that party's right to district court review.  Toro-Mendez v. United States, 976 F. Supp. 2d 79, 81 (D.P.R. 2013) (citing Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992)).  In the event the adversely affected party does not raise an objection, the district court has "'a right to assume that [the affected party] agree[s] to the magistrate's recommendation.'"  Id.  (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985)).  Where the report and

Civil No. 13-1144 (FAB)                                                    6

recommendation is unopposed, the district court applies plain-error review.  Id.

     The magistrate judge issued two reports and recommendations, recommending that the Court:  (1) dismiss with prejudice all claims against PR-AOC, Del Valle and Rodriguez for lack of diligent prosecution, (Docket No. 46); and (2) grant PR-DOJ's motion to dismiss, (Docket No. 37), for failure to state a claim, (Docket No. 47).  Garcia does not object to either.  (Docket No. 52 at ¶¶ 4, 15.)  Accordingly, in order to accept the two unopposed reports and recommendations, the court need only ascertain that there is no "plain error" on the face of the record.  See Toro-Mendez, 976 F. Supp. 2d at 81.  After conducting an independent examination of the entire record in this case, the Court finds no "plain error" and agrees with the magistrate judge's conclusions.

     The Court, thus, **ADOPTS** both of the magistrate judge's findings and recommendations.  PR-DOJ's motion to dismiss, (Docket No. 47), is **GRANTED** and Garcia's claims against PR-DOJ are **DISMISSED** for failure to state a claim.  Further, Garcia's claims against PR-AOC, Del Valle and Rodriguez are **DISMISSED** for lack of diligent prosecution.

*Motion for Leave to Amend*

In his response to the reports and recommendations, Garcia requests that the Court "[p]rovide [him] with an adequate opportunity to file a *pro se* brief raising any assignments of error he might believe this Court should address." (Docket No. 52 at p. 5, ¶ 1.) The Court construes this request as a motion for leave to amend. Rule 12 of the Federal Rules Governing Section 2254 Cases provides that the Federal Rules of Civil Procedure may be applied to a *habeas corpus* proceeding to the extent that they are "not inconsistent" with the *habeas* rules or any statutory provisions. Pursuant to Federal Rule of Civil Procedure 15, when an amendment "as a matter of course" is no longer available, a party may amend its pleading only with the opposing party's written consent or with leave of the Court, which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 "reflects a liberal amendment policy, but even so, the district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (internal citations omitted). Reasons for denying leave include "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." U.S.

Civil No. 13-1144 (FAB)                                                8

ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Garcia filed his section 2254 petition on February 19, 2013, (Docket No. 2), and he has had the assistance of counsel since March 25, 2013, (Docket No. 12).  Not once in the two years since commencing this action has Garcia attempted to amend his petition. The First Circuit Court of Appeals has cautioned that leave to amend should be provided for any *pro se* pleading that is not "patently meritless and beyond all hope of redemption." Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam).  As the magistrate judge noted, however, Garcia has been afforded "ample time to seek leave *with the aid of counsel* to file an amended pleading elaborating on the grounds for relief raised in his original petition." See Docket No. 47 at 7-8 (emphasis added). Garcia's eleventh hour request for leave to amend is an especially tall order considering that Garcia has, for the past nine months, ignored both a motion to dismiss and an order to show cause relating to dismissal.  See Docket Nos. 32, 37; see also Docket Nos. 36, 39-40, 43-45.  The Court need not permit amendment when, as is the case here, doing so would reward undue delay.  See Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011) (affirming denial of leave to amend where plaintiff waited four months after filing complaint to make request, was aware of the

facts underlying his claim, and provided no justification for delay).

Accordingly, Garcia's motion for leave to amend his *habeas corpus* petition, (Docket No. 52 at p. 5, ¶ 1), is **DENIED**.

### *Request to Withdraw as Counsel*

Finally, Garcia's attorney requests to be relieved "from further representing [Garcia]." (Docket No. 52 at p. 5, ¶ 2.) A *habeas* petitioner has no constitutional right to counsel. See United States v. Tejada, 255 F.3d 1, 4 n.6 (1st Cir. 2001). Section 3006A allows for the appointment of counsel for a financially eligible person in a section 2254 action "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

This Court bestowed upon Garcia, at his request, the benefit of attorney assistance for pursuing his section 2254 claims on March 25, 2013. See Docket Nos. 10-12. Garcia continued to make filings *pro se* after the appointment of counsel. See, e.g., Docket Nos. 29, 50. Now, Garcia disagrees with his attorney's assessment, made purportedly after a thorough review of the record, that no grounds for relief exist. See Docket No. 52 at ¶¶ 6, 8. Garcia's attorney, thus, seek to withdraw as counsel. (Docket No. 52 at p. 5, ¶ 2.) In light of the circumstances, and because no constitutional right to counsel exists in the present collateral

Civil No. 13-1144 (FAB)                                                     10

proceedings, the Court may permit appointed counsel to withdraw. <u>Accord</u> <u>Earle v. United States</u>, Civ. No. 08-11637 (MLW), 2009 WL 2634569, at *1 (D. Mass. Aug. 24, 2009) (granting court-appointed attorney's motion to withdraw as counsel in *habeas* case and denying petitioner's request for replacement counsel where petitioner continued to make filings *pro se* after the appointment of counsel and where the attorney cited irreconcilable differences: "Even though the court believes that [the petitioner] would benefit from the assistance of counsel in pursuing his [petition], given his demonstrated inability to work with court appointed counsel, the court will not continue to appoint counsel for him and delay this matter further.").

Garcia's attorney's motion to withdraw, (Docket No. 52 at p. 5, ¶ 2), is **GRANTED**.

### *Certificate of Appealability*

Having denied Garcia section 2254 relief, the Court must determine whether to issue a certificate of appealability ("COA"). Rule 11(a) of the Rules Governing Section 2254 Cases requires that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue only upon the "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the constitutional claims are dismissed on non-procedural grounds,

Civil No. 13-1144 (FAB)                                                        11

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Garcia has not yet requested a COA, the Court sees no way in which reasonable jurists could find debatable or wrong the determination that Garcia's petition fails to state a valid claim of denial of a constitutional right.  Garcia may request a COA directly from the First Circuit Court of Appeals, pursuant to Rule of Appellate Procedure 22.  See Johnson v. United States, Civ. No. 13-1272 (JAF), 2014 WL 2042256, at *4 (D.P.R. May 19, 2014).

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** both of the magistrate judge's reports recommendations.  (Docket Nos. 46-47.) The Court **GRANTS** PR-DOJ's motion to dismiss, (Docket No. 37), for failure to state a claim and **DISMISSES** the claims against PR-AOC, Del Valle and Rodriguez for lack of diligent prosecution.  Garcia's section 2254 *habeas corpus* petition, (Docket No. 2), is therefore **DISMISSED**.  This case is **DISMISSED, with prejudice**.  Judgment shall be entered accordingly.  The Court declines to issue a COA.

Additionally, the Court **DENIES** Garcia's request for leave to amend his *habeas corpus* petition, (Docket No. 52 at p. 5, ¶ 1), and **GRANTS** Garcia's attorney's motion to withdraw, id. at p. 5, ¶ 2.

Civil No. 13-1144 (FAB)                                                    12

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 16, 2015.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE